IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2215-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUZANNE MATTHEWS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a state inmate, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. The matter also is before the court on petitioner's motion to appoint counsel (DE 5), motion for funds to hire an expert (DE 6), motion for leave to conduct discovery (DE 7), and motion for a copy of the petition (DE 8).

Beginning with the court's initial review of the petition, it does not clearly appear from the face of the petition that the petitioner is not entitled to relief. Thus, the matter is ALLOWED to proceed.

As for petitioner's motion for appointment of counsel, there is no constitutional right to counsel in habeas corpus actions. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." At this point, the court does not perceive issues

of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Accordingly, petitioner's motion is DENIED.

Turning to petitioner's motion to conduct discovery, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing § 2254 cases states "[a] judge may, for good cause, authorize a party to conduct discovery." Additionally, pursuant to Rule 6(b), "[a] party requesting discovery must provide reasons for the request." In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery is DENIED.

Regarding petitioner's motion for funds to hire an expert witness, 18 U.S.C. § 3599(f) allows a court to "order the payment of fees and expenses" for an expert if the court determines that the appointment of an expert is "reasonably necessary for the representation of the defendants." This court has not determined that expert assistance is reasonably necessary in this action. Thus, petitioner's motion is DENIED.

Finally, as for petitioner's motion for a copy of the petition. The court's docket reflects that the clerk of court mailed plaintiff a copy of his petition on November 19, 2014. Therefore, plaintiff's motion is DENIED as MOOT.

In summary, the court rules as follows:

(1) Petitioner is ALLOWED to proceed with his petition;

(2) Petitioner's motion to appoint counsel (DE 5), motion for funds to hire an expert witness (DE 6), and motion for leave to conduct discovery (DE 7) are DENIED;

(3) Petitioner's motion for a copy of his petition (DE 8) is DENIED as MOOT.

SO ORDERED, this the 22nd day of April, 2015.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge