IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2215-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUZANNE MATTHEWS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter now comes before the court on respondent's motion for summary judgment (DE 14) and motion for leave to file excess pages (DE 15). Also before the court are petitioner's motion to permit him to file his pleadings on colored paper (DE 18) and motion for copies (DE 22). Petitioner responded to respondent's motion for summary judgment, but the parties did not respond to the remaining motions. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants respondents' motions, grants petitioner's motion to permit him to file his pleadings on colored paper, and denies petitioner's motion for copies.

**STATEMENT OF CASE**

On October 26, 2010, in the Harnett County Superior Court, petitioner was convicted, following a jury trial, of the sale of cocaine and of attaining the status of a habitual felon. State v. Williams, No. COA11-328, 2011 WL 5185040, at *1 (N.C. App. 2011). Petitioner then was sentenced to a term of 133-169 months imprisonment. Id. Petitioner subsequently filed a notice of appeal to the North Carolina Court of Appeals. Id. On November 1, 2011, the court of appeals

found no error. Id. at *3. Then on January 26, 2012, the North Carolina Supreme Court denied petitioner's petition for discretionary review, by order entered February 1, 2012. State v. Williams, 365 N.C. 549, 742 S.E.2d 181 (2012); (see Resp't's Mem. Ex. 2, DE 16-3).

On March 23, 2012, petitioner notarized a *pro se* motion for appropriate relief ("MAR") and mailed it to the Harnett County District Attorney's office. (Resp't's Mem. Ex. 6, p 18; Ex. 8.) The district attorney's office then forwarded petitioner's MAR to the superior court, and the superior court accepted the document for filing on October 25, 2012. (Id. Exs. 8.) Petitioner next filed an amended MAR in the superior court on November 15, 2012. (Id. Ex. 7, 9.) The superior court summarily denied petitioner's MAR and amended MAR on February 12, 2013. (Id. Ex. 9.)

On February 25, 2013, petitioner sent a pleading captioned "Petition for Writ of Certiorari" to the North Carolina Department of Justice. (Id. Ex. 10, pp. 1, 21; Pet. ¶ 18.) Petitioner did not simultaneously file his certiorari petition in the North Carolina Court of Appeals or the Supreme Court. (Resp't's Mem. p. 2; Pet. ¶ 18.) Petitioner then dated a second MAR June 20, 2013, and filed it in the superior court on November 6, 2013. (Id. Ex. 11.) The superior court denied the motion on August 20, 2014. (Id. Ex. 12.)

In the interim, on March 28, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the court of appeals seeking review of the superior court's February 12, 2013, MAR order. (Id. Ex. 13.) The court of appeals dismissed petitioner's certiorari petition on April 15, 2014. (Id. Ex. 15.) Then, on July 28, 2014, petitioner filed a second petition for a writ of certiorari in the court of appeals, which was denied on August 13, 2014. (Id. Exs. 16, 18.) Petitioner next filed a third certiorari petition in the court of appeals on September 2, 2014, which was denied on September 19, 2014. (Id. Exs. 19, 21.)

2

On October 15, 2014,[1] petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising 23 grounds for relief. Respondent subsequently filed a motion for summary judgment arguing that petitioner's action is barred by the statute of limitations. Alternatively, respondent argues that the petition lacks merit. The motion was fully briefed. Respondent also filed a motion for leave to file excess pages and petitioner filed a motion requesting permission to file his pleadings on colored paper and a motion for copies. Respondent did not respond to petitioner's motions.

## DISCUSSION

A.     Motion to Exceed Page Limitation

Respondent moved the court for permission to exceed the page limitation for his motion for summary judgment. For good cause shown, respondent's motion is GRANTED.

B.     Motion for the Permission to Use Colored Paper

Petitioner moves the court for permission to file his pleadings on colored paper. For good cause shown, petitioner's motion is GRANTED.

C.     Motion for Copies

Petitioner filed a motion requesting that the court provide him with a copy of the court's entire case file in this action. The court first notes that the clerk of court previously sent petitioner a copy of his § 2254 petition on November 19, 2014. Petitioner has not set forth any particularized need for a copy of the entire case file. Additionally, such documents are within the custody of the

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his petition, dated October 15, 2014, but filed on October 21, 2014, to be filed on October 15, 2014. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

clerk of court's office. Thus, petitioner must make his requests directly to the clerk's office along with payment, at the rate of fifty cents (.50¢) per page, for copies of the documents he requests.

D.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual

4

Case 5:14-hc-02215-FL   Document 27   Filed 03/04/16   Page 4 of 13

predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Petitioner's conviction became final for purposes of direct review on May 1, 2012, which was 90 days after the North Carolina Supreme Court denied petitioner's petition for discretionary review on January 26, 2012, by order entered on February 1, 2012. See Sup. Ct. R. 13.1 (providing 90 days in which to file a certiorari petition with the United States Supreme Court from a final order of a state's highest court denying review); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."). As a result, petitioner's one-year statutory period began to run on May 1, 2012, and then ran for 177 days until the superior court received petitioner's MAR on October 25, 2012.[2]

Petitioner's one-year period then remained tolled from October 25, 2012, until the superior court denied petitioner's MAR and amended MAR on February 12, 2013. See 28 U.S.C.

---

[2] The court questions whether petitioner's October 25, 2012, MAR tolls the one-year statutory period because petitioner sent it to the district attorney and did not properly file it with the superior court. Section 2244(d)(2) requires an application for state post-conviction review to be "properly filed." 28 U.S.C. § 2244(d)(2). An application not "in compliance with the applicable laws and rules governing filings," including "the court and office in which it must be lodged," is not properly filed and does not toll the limitation period, even if the application is accepted by the clerk of the state court. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000). "If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*." Id. at 9; see also, N.C. Gen. Stat. § 15A–1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A–951(c).") and N.C. Gen. Stat. § 15A–951(c) (2009) ("All written motions must be filed with the court. Proof of service must be made by filing with the court a certificate: (1) By the prosecutor, attorney or defendant making the motion that the paper was served in the manner prescribed, or (2) Of acceptance of service by the prosecutor, attorney or defendant to be served. The certificate must show the date and method of service or date of acceptance of service."). Although petitioner did not properly file his MAR in the superior court, in an abundance of caution, the court construes petitioner's MAR as filed on October 25, 2012–the date it was received by the superior court. See Bryson v. Harkleroad, No. 1:10CV36-3-MU, 2010 WL 1328313, at *3 (W.D.N.C. April 1, 2010) ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."), appeal dismissed, 405 F. App'x 773 (4th Cir. 2010); Doak v. Quarterman, 271 F. App'x 466, 467 (5th Cir. 2008) (declining to extend the prison "mail box rule" to state post-conviction filings).

5

§ 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") Petitioner's one-year period of limitation then resumed on February 12, 2013, and ran for an additional 188 days until it expired on August 19, 2013.

Ordinarily, the time period between the denial of petitioner's MAR on February 12, 2013, and the North Carolina Court of Appeals' adjudication of his February 20, 2013, certiorari petition would be tolled absent unreasonable delay. See Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000). However, in this case, the North Carolina Court of Appeals lacked jurisdiction to consider petitinoner's certiorari petition because petitioner did not file his petition in the court of appeals. Rather, petitioner mailed his certiorari petition only to the North Carolina Department of Justice. (Pet. ¶ 18.) Thus, petitioner's February 20, 2013, certiorari petition was not properly filed in the court of appeals and did not toll the one-year statutory period. See 28 U.S.C. § 2244(d)(2) (requiring an application for state post-conviction review to be "properly filed"); Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (finding that an application not "in compliance with the applicable laws and rules governing filings," including "the court and office in which it must be lodged," is not properly filed and does not toll the limitation period, even if the application is accepted by the clerk of the state court. "If . . . an application is erroneously accepted by the clerk of a court lacking jurisdiction, . . . it will be *pending*, but not *properly filed*.").

As for petitioner's March 28, 2014, certiorari petition filed in the court of appeals, this petition also did not operate to toll the statute of limitations period because it was not a properly filed application for post-conviction relief under § 2244(d)(2) due to its untimeliness. North

6

Carolina law does not specify a specific time period for filing a certiorari petition in the court of appeals, but provides that such a petition must be filed "without unreasonable delay." N.C. R. App. P. 21(e). The United States Supreme Court in Evans v. Chavis, 546 U.S. 189 (2006), held that each circuit must determine for itself what constitutes an unreasonable delay. The Court stated that most states under similar circumstances allow 30 to 60 days for filing an appeal, and stated that it did not see how a six-month delay in filing an appeal "could fall within the scope of the federal statutory word 'pending.'" Id. at 201.

In this case, petitioner filed his petition for a writ of certiorari approximately one year after the superior court denied his MAR on February 12, 2013. This period of time is well beyond the "reasonable" period of time contemplated by the Court in Evans. Therefore, the court finds that petitioner's untimely March 28, 2014, petition for a writ of certiorari did not operate to toll the statute of limitations period. See Evans, 546 U.S. at 200–201; see also, Bartlett v. Keller, No. 1:10CV437, 2011 WL 1258113, at *3 (M.D.N.C. Mar. 31, 2011) ("Nor did Petitioner's belated attempt at seeking a writ of certiorari mean that the limitation period was tolled for the entire time between the denial of his motions for appropriate relief in 2003 and 2005 and the denial of his certiorari petition in 2009."), appeal dismissed, 463 F. App'x 190 (4th Cir. 2012); McConnell v. Beck, 427 F. Supp.2d 578, 582 (M.D.N.C. 2006) ("The largest amount of time to seek appellate review is sixty days, and it is reserved for post-conviction appellate review of death penalty cases. N.C.R. App. P. 21(f). Therefore, it is unlikely North Carolina would interpret N.C. R. App. P. 21(e) to extend beyond thirty days, except perhaps for brief, limited periods in very unusual circumstances, which do not arise in this case.").

Additionally, petitioner's November 6, 2013,[3] MAR and subsequent filings, did not operate to toll the running of the statutory period because, as stated, under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271 (4th Cir. 2006).

In sum, petitioner is not entitled to statutory tolling, and the action is time-barred. As a defense to the running of the statute of limitations, petitioner contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict

---

[3] The court notes that petitioner's second MAR was dated June 20, 2013, but filed in the superior court on November 6, 2013. The court construes petitioner's MAR as being filed on November 6, 2013. See N.C. Gen.Stat. § 15A–1420(a)(3) (2009) ("A written motion for appropriate relief [MAR] must be filed in the manner provided in G.S. § 15A–951(c).") and N.C.G.S. § 15A–951(c) (2009); see also, Pagan v. Young, No. 1:13CV9, 2014 WL 945121, at * n. 6 (M.D.N.C. Mar. 11, 2014) (declining to apply the prison mailbox rule to state court filings in making calculations under § 2244(d)); Bryson, 2010 WL 1328313, at *3 ("There appears to be no corresponding 'prison mail box rule' for filing MARs in state court, as there is for filing appeals in federal court."); Doak, 271 F. App'x at 467 (declining to extend the prison "mail box rule" to state post-conviction filings); Garcia v. Shanks, 351 F.3d 468, 471 (10th Cir. 2003) (declining to apply mailbox rule to New Mexico state filings because New Mexico does not apply the mailbox rule to state filings); Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003) (declining to extend the mailbox rule to the determination of filing dates for state post-conviction applications where state supreme court had rejected the rule).

application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

Petitioner first contends that he is entitled to equitable tolling because he "was appointed a lawyer to do [his] post-conviction under the state relief which was deny." (Pet. ¶ 18.) This request for equitable tolling is not clear. Although petitioner states that he was appointed counsel for his post-conviction proceedings, the record reflects that petitioner litigated his post-conviction proceedings *pro se*. To the extent petitioner asserts that he spent a period of time waiting for legal assistance, mere delays in seeking legal advice, generally, do not warrant equitable tolling. See Smith v. Dail, No. 1:13CV911, 2014 WL 2442072, at *4 (M.D.N.C. May 30, 2014) ("Petitioner [] fails to explain why–if NCPLS did discourage him from filing–it took him so long to sort through any confusion on this issue and actually file."), appeal dismissed, 584 F. App'x 86 (4th Cir. 2014); Gray v. Lewis, No. 1:11CV91, 2011 WL 4022787, at *3 (M.D.N.C. Sept. 9, 2011) ("Petitioner has emphasized first that he is a layman of the law. [] However, unfamiliarity with the legal process and lack of representation do not constitute grounds for equitable tolling, because they represent ordinary, rather than extraordinary, circumstances for a prisoner."); Harry v. Johnson, No. 2:06cv28, 2006 WL 3299992, *3 (E.D. Va. 2006) (stating that delays due to seeking legal advice and related allegations of inadequate prison law libraries are not sufficient extraordinary circumstances for equitable tolling). Legal inexperience, additionally, is not a justification for equitable tolling.

9

United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Thus, petitioner has not demonstrated grounds for equitable tolling with respect to these allegations.

Petitioner next asserts that he sent his petition for a writ of certiorari to the North Carolina Attorney General's Office and "after [a] number [of] days, months, year[,] [the] office failed to rule on [his] document paperwork and after [he] made a complaint [to the attorney general's office] for assistance, they wrote [him] back and said [he] file[d] the petition in the wrong office, but they delay in, prolong a year to response after they got my legal papers. When requesting back for document papers work the[] office deny release my papers. I had to get new copy of paper to refile my petition writ of cert which I done by speed." (Pet. ¶ 18.) To the extent petitioner seeks equitable tolling on the ground that he incorrectly "filed" his petition for a writ of certiorari with the attorney general's office rather than the court of appeals, his claim lacks merit because it was petitioner's responsibility to properly file his certiorari petition. See N.C. Gen. Stat. § 15A-951(c); 28 U.S.C. § 2244(d)(2). Further, petitioner's allegations are vague, conclusory, and fail to establish that he diligently pursued his rights. Thus, petitioner is not entitled to equitable tolling, and his action is time-barred.

In addition to his equitable tolling arguments, petitioner argues that his habeas action is not time-barred because he is actually innocent of the crimes for which he has been convicted. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. ––––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would

10

have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at ––––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes a vague and conclusory allegation that he is actually innocent of the instant offenses. (Resp. p. 6.) Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence. Petitioner's conclusory allegation is insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013), appeal dismissed, 591 F. App'x 217 (4th Cir. 2015). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

E.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

11

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, the court orders as follows:

(1) Petitioner's motion to permit him to file his pleadings on colored paper (DE 18) is GRANTED;

(2) Petitioner's motion for copies (DE 22) is DENIED;

(3) Respondent's motion for leave to file excess pages (DE 15) is GRANTED;

(4) Respondent's motion for summary judgment (DE 14) is GRANTED;

(5) The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 3rd day of March, 2016.

*/s/ Louise W. Flanagan*

LOUISE W. FLANAGAN
United States District Judge

13

Case 5:14-hc-02215-FL   Document 27   Filed 03/04/16   Page 13 of 13