IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2215-FL

| | | |
|---|---|---|
| CHARLES A. WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SUZANNE MATTHEWS, | ) | |
| | ) | |
| Respondent. | ) | |

On October 21, 2014, petitioner, a state inmate, filed this civil rights action *pro se* pursuant to 28 U.S.C. § 2254, which the court dismissed as time-barred on March 4, 2016. The matter now comes before the court on petitioner's motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) (DE 29), motion for a status report (DE 30), and motion to direct respondent to respond to petitioner's Rule 59(e) motion (DE 32). Respondent did not respond to petitioner's motions. In this posture, the issues raised are ripe for adjudication.

The court begins with petitioner's motion to alter or amend judgment pursuant to Rule 59(e). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. See, e.g., Zinkand v. Brown, 478 F.3d 634,

637 (4th Cir. 2007). "A Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thomas, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977).

Petitioner's motion is not a model of clarity. Petitioner appears to assert that he possesses newly discovered evidence of his innocence, but has not come forward with any such evidence that was not available to him at the time of trial. Rather, he merely makes vague conclusory allegations to support his claim of actual innocence. Petitioner's unsupported conclusory allegations do not warrant relief. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992), abrogated on other grounds recognized by Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999). Further, petitioner's efforts to re-argue the merits of his dismissed claims are not sufficient for relief pursuant to Rule 59(e). DeLong, 790 F. Supp. at 618. Because petitioner failed to demonstrate an intervening change in controlling law, to present new evidence previously not available, or to show a clear error of law that would support granting his Rule 59(e) motion, his motion to alter or amend the judgment is DENIED.

The court now turns to petitioner's motion for a status report. Petitioner's motion again is not a model of clarity. Petitioner's motion appears to be a notice of filing documents. As part of his motion, petitioner states the following: "Appeal notice for time limit of 30 days is been tolled and on stay into the ruling of petitioner motions filed." ((DE 30), p. 2) (no alterations made to the original). Petitioner is correct, the timely filing of a Fed. R. Civ. P. 59(e) motion tolls the time to appeal. Fed. R. App. P. 4(a)(4)(A). Accordingly, to the extent petitioner's filing could be construed as a motion, it is DENIED as MOOT.

2

In summary, petitioner's Rule 59(e) motion (DE 29) is DENIED and petitioner's motion for a status report (DE 30) is DENIED as MOOT. Because the court has ruled upon petitioner's Rule 59(e) motion, petitioner's motion seeking a court order directing respondent to respond to petitioner's Rule 59(e) moiton (DE 32) is DENIED as MOOT.

SO ORDERED, this the 14th day of October, 2016.

LOUISE W. FLANAGAN
United States District Judge